THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EVRIDGES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  1:15-CV-179 |
| | § | |
| THE TRAVELERS LLOYDS | § | |
| INSURANCE COMPANY | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT THE TRAVELERS LLOYDS INSURANCE COMPANY'S
NOTICE OF REMOVAL**

Defendant The Travelers Lloyds Insurance Company files this Notice of Removal under 28 U.S.C. § 1446(a) and states:

## I.      INTRODUCTION

1.      Plaintiff is Evridge's, Inc. ("Plaintiff"), and Defendant is The Travelers Lloyds Insurance Company ("Travelers").

2.      On February 2, 2015, Plaintiff filed suit against Travelers for damages in the 452nd Judicial District Court for McCulloch County, Texas – Cause Number 2015034.

3.      Travelers was served with Plaintiff's Original Petition on February 13, 2015. Travelers has filed this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

4.      Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this district.

## II.      BASIS FOR REMOVAL

5.      Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000 (excluding interest, costs, and attorneys' fees).  These two conditions are clearly satisfied in this matter.

### A.      Citizenship of the Parties

6.      Despite Plaintiff's incorrect assertion that it is an individual, the insurance policy made the basis of this suit was issued to Evridge's, Inc., a Texas corporation with its principal place of business in Texas.[1]  Plaintiff is thus a citizen of Texas for purposes of diversity jurisdiction.

7.      A Lloyds plan is an unincorporated association.   For diversity jurisdiction purposes, the citizenship of an unincorporated association is determined by the citizenship of each member of the association.[2]  The members of a Lloyds plan are the underwriters alone.[3] The Travelers Lloyds Insurance Company – the Lloyds plan named as defendant in this suit – is an unincorporated association of twelve underwriters.  The domiciliary state for all twelve of the underwriters is Connecticut.  Travelers is thus a citizen of Connecticut for diversity jurisdiction purposes.[4]

---

[1]      *See* Exhibit A.

[2]      *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

[3]      *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993); *Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Texas. 1998) ("In this case, therefore, the citizenship of State Farm Lloyds must be determined solely by the citizenship of its members, or underwriters.")

[4]      *Massey v. State Farm Lloyds*, 993 F. Supp. 568, 570 (S.D. Tex. 1998) ("Because no member of State Farm Lloyds is a Texas resident, complete diversity exists between the parties to this action, and this Court has federal diversity jurisdiction under 28 U.S.C. § 1332."); *Rappaport v. State Farm Lloyd's*, 1998 WL 249211 (N.D. Tex. 1998) ("Because the Court finds that State Farm Lloyd's is an unincorporated association whose members are completely diverse with Plaintiff, Plaintiff's Motion to Remand is DENIED.").

8.     Because Plaintiff is a citizen of Texas for diversity jurisdiction purposes, and Travelers is a citizen of Connecticut for diversity jurisdiction purposes, there is complete diversity of citizenship between the parties for purposes of 28 U.S.C. § 1332(a).

### B.     Amount in Controversy

9.     If it is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive of interest, costs, and attorneys' fees, Travelers' burden to establish that the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[5]

10.    Here, Plaintiff's Original Petition states that Plaintiff seeks monetary relief exceeding $1,000,000 in this action.[6]  It is thus facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000.

11.    Because there is complete diversity between the parties and the amount in controversy exceeds $75,000 (excluding interest, costs, and attorneys' fees), removal is proper under 28 U.S.C. § 1332(a).

## III.    CONCLUSION

12.    All pleadings, process, orders, and other filings in the state court action are attached to this notice as required by 28 U.S.C. § 1446(a).

13.    Travelers will promptly file a copy of this Notice of Removal with the clerk of the state court where the action is pending.

14.    For the foregoing reasons, Travelers hereby provides notice that this action is duly removed.

---

[5]    *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[6]    *See* Plaintiff's Original Petition at ¶70. According to face of Plaintiff's Original Petition, these claimed monetary damages of more than $1,000,000 do not include the "additional damages" and/or attorneys' fees described in paragraphs 71 and 72 of the Original Petition.

Respectfully submitted,

**ZELLE HOFMANN VOELBEL & MASON LLP**

By:_____*/s/ Jennifer L. Gibbs*_____
    James W. Holbrook, III
    State Bar No. 24032426
    jholbrook@zelle.com
    Jennifer L. Gibbs
    State Bar No. 24050656
    jgibbs@zelle.com

901 Main Street, Suite 4000
Dallas, TX  75202
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANT
THE TRAVELERS LLOYDS INSURANCE
COMPANY**

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing has been served on March 2, 2015, in accordance with the Federal Rules of Civil Procedure as follows:

    Bill L. Voss
    bill.voss@vosslawfirm.com
    Scott Hunziker
    scott@vosslawfirm.com
    Bryan Beverly
    bryan@vosslawfirm.com
    **THE VOSS LAW FIRM, P.C.**
    26619 Interstate 45 South
    The Woodlands, Texas 77380
    Telephone:    713-861-0015
    Facsimile:    713-861-0021
    **Attorneys for Plaintiff**

    _____*/s/ Jennifer L. Gibbs*_____
    Jennifer L. Gibbs