## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| EVRIDGES, INC. | § | |
| | § | |
| V. | § | A-15-CV-179-LY |
| | § | |
| THE TRAVELERS LLOYDS | § | |
| INSURANCE COMPANY | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are:

• Plaintiff's Opposed Motion for Leave to File Plaintiff's First Amended Complaint and Join Additional Party (Dkt. No. 13);

• Defendant Landmark American Insurance Company's Motion for Partial Dismissal under Rules 8, 9(b) and 12(b)(6), (Dkt. No. 18);

• Plaintiff's Opposed Motion for Leave to File Plaintiff's Second Amended Complaint (Dkt. No. 23); and

• Defendant Landmark American Insurance Company's Motion to Bifurcate pursuant to Federal Rule of Civil Procedure 42(b) (Dkt. No. 29);

along with the parties' various Response and Rely briefs. The District Court referred the motions to the undersigned for report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I.  GENERAL BACKGROUND

On February 2, 2015, Plaintiff Evridges, Inc. ("Evridges") filed this insurance coverage lawsuit against The Travelers Lloyds Insurance Company ("Travelers") in the 452nd District Court for McCulloch County, Texas, alleging that Travelers failed to pay it in accordance with its insurance policy for property damage sustained during a March 9, 2013 storm event. *See Evridges, Inc. v. The*

*Travelers Lloyds Ins. Co.*, No. 2015034 (452nd Dist. Ct., McCulloch County, Tex. Feb. 2, 2015). On March 2, 2015, Travelers removed the case to this Court based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *See* Dkt. No. 1.

On June 30, 2015, Evridges filed a motion seeking leave to amend its complaint, to add Landmark American Insurance Company ("Landmark") as a defendant in this case. Dkt. No. 13. In its claim against Landmark, Evridges seeks to recover under a policy issued by Landmark for property damage allegedly suffered during a second storm event which occurred on June 14, 2014, more than a year after the first storm. Travelers opposes the motion, arguing it is improper under Federal Rule of Civil Procedure 20(a) since Evridges seeks to assert claims against Landmark that do not arise from the same transactions or occurrences as the claims Evridges has asserted against Travelers, and because the claims against Landmark do not present common questions of law or fact with the claims against Travelers. *See* Dkt. No. 16.

Fifteen days after the motion seeking the joinder of Landmark was filed—and before the Court had made Landmark a party to the case—Landmark filed an Answer and a Motion for Partial Dismissal under Fed. R. Civ. P. 8, 9(b) and 12(b)(6). Dkt. No. 18. This led to Evridges responding to the motion to dismiss, and to it filing a motion seeking leave to file a Second Amended Complaint, to respond to the alleged pleading deficiencies in the claims it was seeking to state against Landmark. Dkt. Nos. 22 & 23. Evridges did not, however, reply to Travelers' arguments opposing the initial motion seeking leave to join Landmark in the case. Nor did Landmark ever state a position regarding whether it should be made a party to the case. Noting the fact that the parties had jumped the gun and had not addressed whether Landmark was a proper party, on August 31, 2015, the undersigned directed that both Evridges and Landmark file pleadings addressing the propriety of joining Landmark as a defendant to the case. Each did so. Dkt Nos. 28 & 30.

2

Unsurprisingly, Evridges contends that the claims should be joined and tried together. For its part, Landmark states that it does not oppose being joined in the suit, though it simultaneously filed a Motion to Bifurcate, in which it argues that if it is joined, the Court should bifurcate "the causes of action against Travelers from those against Landmark," but because "the damage allegations made by Plaintiff overlap and are relevant to all parties, the parties should be allowed to conduct joint discovery." Dkt. No. 29. On September 15, 2015, Travelers filed a reply, and continues to assert that Landmark should not be made a party to this case. Dkt. No. 31.

## II.  ANALYSIS

### A.     Evridges' Motion for Leave to File Amended Complaint

As mentioned at the outset, Evridges requests leave to add Landmark to the case to recover under an insurance policy issued by Landmark for property damage allegedly suffered during a storm that occurred more than a year after the first. Although Evridges has framed its motion as one to amend (under FED. R. CIV. P. 15), the motion seeks to add a new party in the case, which is governed by FED. R. CIV. P. 20(a). *See  Hinson v. Norwest Financial South Carolina*, *Inc.*, 239 F.3d 611, 618 (4th Cir. 2001) ("[A] court determining whether to grant a motion to amend to join additional plaintiffs must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a)"). Travelers argues that the joinder of Landmark is improper under Rule 20(a) because Evridges seeks to assert claims against Landmark that do not arise from the same transactions or occurrences as the claims Evridges has asserted against Travelers, and they do not present common questions of law or fact.

Claims against two or more defendants may be joined in one action if the plaintiff alleges facts that show: (1) that the right to relief asserted against the defendants arises out of the same transaction, occurrence, or series of transactions or occurrences, and (2) that a question of law or fact

3

in common to both defendants will arise in the action.  FED. R. CIV. P. 20(a).  Actions arise out of

the same series of transactions or occurrences if there is some connection or logical relationship

between them. *Hanley v. First Investors Corp.*, 151 F.R.D. 76, 79 (E.D. Tex.1993).  "District courts

have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial

economy, or safeguarding principles of fundamental fairness." *Acevedo v. Allsup's Convenience

Stores, Inc.,* 600 F.3d 516, 521 (5th Cir. 2010) (internal citations omitted).

  Evridges has failed to demonstrate that joinder of Landmark is proper in this case.  Evridges'

causes of actions against Travelers and Landmark involve two *different* insurance claims made to

two *separate* insurers under two *separate* insurance policies for property damage allegedly caused

by two *separate* storm events occurring fifteen months apart.[1]  Travelers and Landmark each

independently investigated, evaluated, and determined whether to pay the claims submitted

separately to them for storm events occurring 15 months apart, and decided whether to pay those

claims based on their separate insurance policies.  Given that there were two independent claims

made on separate policies, Evridges' claims against Landmark do not arise out of the same

transaction, occurrence or series of transactions or occurrences as Evridges' claims against Travelers.

*See Dolan v. Safeco Ins. Co. of Indiana,* 297 F.R.D. 210, 212 (E.D.N.Y. 2014) (defendants were

improperly  joined where insurance claims were made under separate insurance policies); *Ducree

v. Liberty Mutual Ins. Co.,* 2007 WL 781968, at \*2 (E.D. La. Mar. 12, 2007) (plaintiffs' failed to

satisfy the first prong of Rule 20(a) since claims involved three different insurance policies and

---

  [1]With regard to Travelers, Evridges seeks to recover under a policy issued by Travelers with
effective dates of coverage from January 26, 2013, to January 26, 2014, for property damage
allegedly sustained during a March 9, 2013 storm.   With regard to Landmark, Evridges seeks to
recover under a Landmark policy with effective dates of coverage from January 26, 2014, to January
26, 2015, for property damage allegedly sustained during a June 14, 2014 storm.

damage occurred at three different locations); *Campo v. State Farm and Cas. Co.,* 2007 WL 2155792 at *3 (E.D. La. July 26, 2007) (plaintiffs did not satisfy the common transaction or occurrence requirement where each property was different and involved different insurance policies); *Beaulieu v. Concord Group Ins. Co.,* 208 F.R.D. 478, 480 (D.N.H. 2002) (defendants were improperly joined where claims arose out of two distinct car accidents separated by a span of fifteen months).

In addition, Evridges has failed to demonstrate that the claims asserted against Travelers and Landmark share common questions of law or fact. While Evridges is asserting breach of contract claims against both defendants, as explained above, those claims are based on two distinct insurance contracts with different periods of coverage. Under Texas law, Evridges will have to establish coverage under each policy independently and must plead and prove facts showing that its requested damages are covered by the specific policy at issue. *Hamilton Properties v. American Ins. Co.,* 2014 WL 3055801 at * 4 (N.D. Tex. July 7, 2014). Similarly—and even more clearly—Evridges' extra-contractual claims against Travelers and Landmark present distinct issues of law and fact, given that those claims will turn on how each insurer handled the claim Evridges made to it.

Finally, the joinder of Landmark would not serve the interest of judicial economy. "[T]he court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense or delay." 7 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1652 (3d ed. 2001). Because Evridges' claims against Landmark and Travelers are based upon different policies and different storms, the joinder of Landmark in this case will only complicate discovery, pretrial matters and eventually the trial in this case. Landmark acknowledges as much in its motion to bifurcate, where it argues that the Court should allow its joinder, but then immediately bifurcate the trials against Landmark and Travelers. The joinder of Landmark would only complicate what is a

5

relatively straightforward two-party lawsuit between Evridges and Travelers. The fact that Evridges believes that the facts relating to what damage resulted from which storm may intertwine is not enough to overcome the inefficiencies that would result from joinder. The evidence presented to the Court demonstrates that after each storm one or more experts investigated and documented the damage at issue. While there might be a need to conduct discovery from investigators on one claim in the lawsuit regarding the other claim, that is not enough of an overlap to join together what are otherwise totally distinct lawsuits. Based upon the foregoing, the Court recommends that the District Court DENY Evridges' Motion for Leave to File Plaintiff's First Amended Complaint and Join Additional Party.

**B.    Premature Motions**

As noted above, before the Court granted Evridges leave to join Landmark as a party, Landmark answered and filed a motion to dismiss. This led to Evridges filing a Motion for Leave to File its Second Amended Complaint to cure the alleged pleading deficiencies in its First Amended Complaint—a pleading that had not even been accepted by the Court yet. Because the Court had not yet ruled on Evridges' *first* request to amend its complaint when Evridges filed its Second Motion to Amend, the Second Motion to Amend was prematurely filed and should be dismissed. Similarly, Landmark's Motion for Partial Dismissal (Dkt. No. 18) and Motion for Bifurcation (Dkt. No. 29) were also premature, since the Court had not yet made Landmark a party to the case, and they too should be dismissed.[2]  Thus, if the district judge adopts the undersigned's recommendation that the

---

[2]Evridges argues that Landmark effectively made itself a party to the case because it "answered Evridges First Amended Petition, appeared before this Honorable Court through counsel for all purposes, and . . . filed its own Motion for Partial Dismissal." Dkt. No. 28 at 2. Evridges misunderstands the Federal Rules of Civil Procedure with regard to amendments and joinder. Under Rules 15(a)(2) and 20(a), Evridges is required to obtain leave of court in order to add Landmark as a defendant in this case, regardless of Landmark's agreement or opposition. "[W]hen a plaintiff fails

joinder of Landmark be denied, the Court recommends that the district judge also dismiss Evridges'
Motion for Leave to File Second Amended Complaint, (Dkt. No. 23), Landmark's Motion for Partial
Dismissal (Dkt. No. 18), and Landmark's Motion for Bifurcation (Dkt. No. 29).

## III.  RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY**
Plaintiff's Opposed Motion for Leave to File Plaintiff's First Amended Complaint and Join
Additional Party (Dkt. No. 13).  The undersigned **FURTHER RECOMMENDS** that the District
Court **DISMISS** all remaining motions (Landmark American Insurance Company's Motion for
Partial Dismissal under Rules 8, 9(b) and 12(b)(6) (Dkt. No. 18), Plaintiff's Opposed Motion for
Leave to File Plaintiff's Second Amended Complaint (Dkt. No. 23), and Landmark American
Insurance Company's Motion to Bifurcate pursuant to Federal Rule of Civil Procedure 42(b) (Dkt.
No. 29)).

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.   A party filing
objections must specifically identify those findings or recommendations to which objections are
being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See*
*Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations
contained in this Report within fourteen (14) days after the party is served with a copy of the Report

---

to join all parties under Rule 20(a) in his first complaint (or in his complaint as amended by right),
leave of the court must be obtained to join such additional persons."  *Ellis v. CommScope, Inc. of
North Carolina*, 2008 WL 4191482, at *1 (N.D. Tex. Sept. 11, 2008).  In fact, "[m]ost courts have
held . . . that an amendment changing parties requires leave of court even though made at a time
when Rule 15 indicates it could be done as of course."  7 Charles Alan Wright, Arthur R. Miller and
Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1688 (3d ed. 2001).

shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(c)*homas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 9th day of October, 2015.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE